**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Richard Paul Cote, | ) | Civil Action No. 2:24-02859-BHH-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Graham, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Richard Paul Cote ("Petitioner"), proceeding *pro se*, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, asking that the Court "release him from his now unlawful[] sentence." (Dkt. No. 8-1 at 9.) Currently before the Court is Respondent's Motion for Summary Judgment. (Dkt. No. 15.) Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the petition and submit findings and recommendations to the United States District Judge. For the reasons set forth below, the undersigned **RECOMMENDS** that Respondent's Motion for Summary Judgment (Dkt. No. 15) should be **GRANTED**.

**RELEVANT BACKGROUND**

Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution Williamsburg in Salters, South Carolina. Petitioner filed the instant petition on May 6, 2024, alleging that the BOP "unlawfully delayed the start of [his] sentence for more than 2 years" after federal authorities improperly "borrowed" him from the state of Florida for sentencing purposes and later returned him to state custody. (*See generally* Dkt. Nos. 1, 8-1.) Petitioner contends that this "unlawful delay" resulted in two additional years of

1

"oppressive confinement" and asserts that the BOP did not "credit him" for those years of confinement. (*See generally* Dkt. Nos. 1, 8-1.) Petitioner also takes issue with Florida's jurisdiction over him, claiming that his state plea agreement and sentence are unenforceable. (*See generally* Dkt. Nos. 1, 8-1.) Petitioner further contends that these purported errors violated his constitutional rights. (*See generally* Dkt. Nos. 1, 8-1.) He therefore requests that the Court "release him from [his] unlawful sentence." (*See generally* Dkt. Nos. 1, 8-1.)

On July 3, 2024, Respondent filed the instant Motion for Summary Judgment. (Dkt. No. 15.) On July 8, 2024, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 16.) Petitioner filed a response to the motion on August 5, 2024. (Dkt. No. 18.) As such, the motion before the Court has been fully briefed and is ripe for habeas review.

**FACTUAL SUMMARY**

Petitioner committed a bank robbery on June 11, 2019. (Dkt. No. 15-1 at 1.) On June 18, 2019, he was arrested by state authorities in Collier County, Florida, on various other charges. (*Id*.)

On August 28, 2019, Petitioner was indicted in the United States District Court for the Middle District of Florida on charges related to the bank robbery. (*Id*.) On September 4, 2019, the state court entered a nolle prosequi on Petitioner's charges in Collier County, Florida. (*Id*. at 2.) On that same day, state authorities in Brevard County, Florida placed a hold on Petitioner relating to several other state court cases. (*Id*.)

On September 5, 2019, Petitioner was taken into federal custody by the United States Marshals Service. (*Id*.) On March 3, 2019, two of Petitioner's pending state court charges were consolidated. (*Id*.)

On November 16, 2020, Petitioner was sentenced to a 188-month term of imprisonment in the United States District Court for the Middle District of Florida. (*Id*.) The District Court determined that Petitioner's federal sentence would run consecutively to anticipated terms of imprisonment that Petitioner faced in the pending state court actions in Brevard County, as well as in other pending state court actions in Providence Superior Court and Kent County Superior Court. (*Id*.) While still in federal custody, Petitioner was sentenced to a 141.700-month[1] term of imprisonment in the Brevard County cases. (*Id*.) This sentence commenced on December 3, 2020, with 535 days of credit for time served (dating back to Plaintiff's June 18, 2019 arrest). (*Id*.)

Petitioner was returned to state authorities pursuant to the hold placed on him by Brevard County on January 21, 2021. (*Id*.) On February 22, 2021, the warrant was cancelled in Petitioner's Providence Superior Court case, and the violation report was withdrawn in his Kent County Superior Court case. (*Id*.) Petitioner continued to serve his sentence in state court until February 22, 2023, when the state court issued an amended judgment ordering that Petitioner's previous sentence of 141.700 months' imprisonment be suspended, that his 141.700 months' sentence should run concurrently with his federal sentence, and that he should be allowed credit for time he spent incarcerated prior to the amended judgment. (*Id*. at 88–106.)

After Petitioner's state court sentence was suspended, he was released to federal custody on February 27, 2023. (*Id*. at 2.) The BOP then prepared a sentence computation on Petitioner's federal case based on his 188-month term of imprisonment commencing on February 27, 2023, the date he was released into federal custody. (*Id*. at 3.) Petitioner received 1,350 days[2] of qualified

---

[1] This is how Petitioner's state sentence is reflected throughout the docket; 141.700 months equates to approximately 11 years and 9 months. (Dkt. No. 15 at 5; *see generally* Dkt. No. 15-1.)

[2] This is the number of days between Petitioner's arrest on June 18, 2019 and his federal sentence commencement date, February 27, 2023.

presentence credit and is projected to earn 845 days of Good Conduct Time, resulting in a current

expected release date of October 22, 2032. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary

judgment: "The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its

existence or nonexistence would affect the disposition of the case under the applicable law.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine"

if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.*

at 257.

In determining whether a genuine issue has been raised, the Court must construe all

inferences and ambiguities against the movant and in favor of the non-moving party. *United States

v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, "[o]nly disputes over facts that might affect

the outcome of the suit under the governing law will properly preclude the entry of summary

judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477

U.S. at 248.

Further, while the Court is charged with liberally construing a complaint filed by a *pro se*

litigant to allow the development of a potentially meritorious case, *see*, *e.g.*, *Cruz v. Beto*, 405 U.S.

319, 321 (1972), the requirement of liberal construction does not mean that the Court can ignore a

clear failure in the pleadings to allege facts that set forth a federal claim, nor can the Court assume

the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*,

901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

Respondent argues that the instant Petition should be dismissed because: (1) Petitioner failed to exhaust his administrative remedies before filing his Petition, and (2) Petitioner has received appropriate credit for his custodial sentence. (Dkt. No. 15.) For the reasons set forth in greater detail below, the undersigned agrees that Petitioner failed to exhaust his administrative remedies before filing the instant Petition and therefore **RECOMMENDS** that Respondent's motion (Dkt. No. 15) should be **GRANTED**.

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have required prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" (internal quotation marks omitted)). A court may excuse an inmate's failure to exhaust upon a showing of cause and prejudice. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004).

The BOP has an administrative grievance process. *See* 28 C.F.R. § 542.10, *et seq*. The grievance process consists of three levels of review: institutional, regional, and national. *See id*. First, an inmate must seek to informally resolve any complaint relating to his confinement. *Id.* § 542.13. Next, if the complaint cannot be resolved informally, the inmate may file a formal written Administrative Remedy Request within twenty (20) days of the incident giving rise to the complaint. *Id*. § 542.14. Then, if the inmate is dissatisfied with the response, he may appeal to the Regional Director; appeals to the Regional Director must be submitted within twenty (20) days of the date the warden signed his response. *Id.* § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel within thirty (30)

days of the date the Regional Director signed his response. *Id.* If, during this process, the inmate

does not receive a response in the allotted time frame (including any extensions), the inmate may

consider the request denied and appeal to the next level. *Id*. § 542.18.

In support of the instant summary judgment motion, Respondent has presented a

declaration from Jency Moore, a Management Analyst at the BOP's Designation and Sentence

Computation Center in Grand Prairie, Texas. (Dkt. No. 15-1.) Attached to this declaration are

various documents, which Moore declares are "true and accurate copies." (*Id*. at 3.) The declaration

and attachments indicate that Petitioner has filed only three administrative remedies, all concerning

jail credit. (*Id*. at 4–5.)

It appears that Petitioner's first two remedy requests were submitted solely at the

institutional level and were denied. (*Id*.; *see also* Dkt. No. 8-1 at 129, 134, 140.) The record does

not indicate that Petitioner appealed the denial of these requests. (Dkt. No. 15-1 at 4–5; *see also*

Dkt. No. 8-1 at 129, 134, 140.)

As for Petitioner's third administrative remedy request, he submitted this request, Remedy

ID No. 1175961 – R1, at the regional level on November 3, 2023, again "requesting jail credit."

(Dkt. No. 15-1 at 5; Dkt. No. 18 at 6.) More specifically, Petitioner asserted that he should "be

credited at least from September 6, 2019 on toward [his] federal sentence," claiming that:

> the BOP's decision and actions in enforcing the consecutive nature of my sentence,
> by giving up jurisdiction and custody of me to a Florida jail, despite their protest
> and after all charges, sentence, and warrants were satisfied while I was in Primary
> Federal Custody . . . amount to an unconstitutional[] usurpation of judicial function
> by an executive ag[e]ncy. . . .

(Dkt. No. 8-1 at 129.)

This remedy request was granted on February 6, 2024. (Dkt. No. 8-1 at 128.) In so granting,

the Regional Director explained:

An investigation into this matter was conducted. Source documentation obtained by the Designation & Sentence Computation Center (DSCC) indicates you were arrested on June 19, 2019,[3] by local authorities for bank robbery. On September 4, 2019, the local charges were nolle prossed. At that time, you became primary custody of federal authorities[,] [p]ursuant to Title 18 U.S.C. §3585. Title 18 U.S.C. §3585 defines the calculation of a term of imprisonment, specifically section (b) Credit for Prior Custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences; (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentences. **Therefore, the jail credit from the date of your arrest has been applied toward your federal sentence. Your new projected release date is October 23, 2032.**

**Accordingly, your Regional Administrative Remedy Appeal is granted.** If dissatisfied with this response, you may appeal to the Office of General Counsel, 320 First Street, NW Washington, DC 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

(*Id.*) (emphasis added.) The record reflects that Petitioner did not further appeal this remedy request. (Dkt. No. 15-1 at 5.) Thus, as Respondent contends, "[t]o the extent that Petitioner requests any relief beyond this granted request, or to the extent that he was not satisfied with the relief he received from his granted request, he has not exhausted administrative remedies." (Dkt. No. 15 at 8–9.)

In response, Petitioner contends that it took "95 days" for him to receive a response to Remedy ID No. 1175961 – R1, which "exceeds the designated time for a response . . . ." (Dkt. No. 18 at 6.) According to Petitioner, "the United States Supreme Court says[:] If any steps in the BP Process are failed to be responded to, then the inmate has the right to [pursue] the matter in Federal Court." (*Id.*, referencing *Ross v. Blake*, 578 U.S. 632, 639 (2016)). The undersigned disagrees. Indeed, 28 C.F.R. § 542.18 makes clear that if, at any step in the BOP's administrative grievance process, the inmate does not receive a response in the allotted time frame (including any

---

[3] The record indicates that Petitioner was booked by the Collier County Sheriff's Office on June 18, 2019 and charged with various crimes on June 18 and June 19, 2019. (Dkt. No. 15-1 at 13.)

extensions), the inmate may consider the request denied and appeal to the next level. No statute or United States Supreme Court precedent states that an inmate should ignore the BOP's guidance on this point and immediately pursue the matter in federal court, as Petitioner contends. (Dkt. No. 18 at 6.)

Based on the foregoing, the undersigned finds that Petitioner failed to exhaust his administrative remedies prior to filing this Petition. As noted, Petitioner did not complete all steps of the BOP's administrative grievance process for any of the three requests he filed. Further, Petitioner has not provided the Court with any explanation or evidence to suggest cause for excusing his failure to exhaust. His Petition must therefore be **DISMISSED**.

What is more, the record demonstrates that Petitioner has received credit for all of the time he served in state custody, rendering moot his sentence credit claims. (Dkt. No. 8-1 at 128; Dkt. No. 15-1 at 110.) To the extent Petitioner claims that he is entitled to additional relief on account of the BOP's delay in executing his federal sentence, any such claim would fall outside the scope of this Petition. *See Watkins v. Bledsoe*, No. 7:06-CV-00064, 2007 WL 628352, at *3 (W.D. Va. Feb. 23, 2007) (explaining that "courts limit challenges to the execution of sentences under § 2241 to such issues as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, type of detention and prison conditions."); *see also Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) (explaining that § 2255 "encompasses claims that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack'" (quoting 28 U.S.C. § 2255)). To the extent Petitioner raises claims related to his state custody, prosecution, sentence and/or plea agreement, any such claims are similarly outside the scope of the instant Petition. *See*

28 U.S.C. § 2241(c)(3) (allowing federal courts to entertain habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States"); *Dinkins v. Warden of F.C.I. Williamsburg*, No. 0:23-CV-3892-CMC-PJG, 2023 WL 9111417, at *1 (D.S.C. Dec. 12, 2023) ("[Section] 2241 is generally the proper method to challenge the computation or execution of a *federal sentence*." (emphasis added)), *adopted*, 2024 WL 71623 (D.S.C. Jan. 5, 2024).

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Respondent's motion (Dkt. No. 15) should be **GRANTED**, and the instant Petition should be **DISMISSED**.

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 18, 2024
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).