IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Richard Paul Cote, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:24-2859-BHH |
| ) | |
| Warden Graham, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner Richard Paul Cote's ("Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On July 3, 2024, Respondent filed a motion for summary judgment. (ECF No. 15.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On November 18, 2024, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment. (ECF No. 19.) Attached to the Magistrate Judge's Report was a notice advising the Petitioner of his right to file written, specific objections to the Report within fourteen days of receiving a copy.

When the Court initially did not receive any objections to the Report, it entered an order and judgment adopting the Report on December 9, 2024. (ECF Nos. 23, 24.) However, after the order was entered, the Court received Petitioner's objections on December 11, 2024. (ECF No. 26.) Therefore, on December 12, the Court vacated the December 9 order and judgment, and the Court informed the parties that it would issue a new order after considering Petitioner's objections. (ECF No. 27.) Respondent filed a reply

to Petitioner's objections on December 20, 2024. (ECF No. 29.) On December 26, 2024, Petitioner filed a motion to alter or amend the Court's December 9 order and judgment (ECF No. 30), which the Court finds moot in light of the fact that the Court previously vacated the December 9 order and judgment. (*See* ECF No. 27.) Additionally, Petitioner filed a sur-reply on January 7, 2025. (ECF No. 31.)

## **STANDARDS OF REVIEW**

### I.  **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II. **Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed.

2

R. Civ. P. 56(a).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id.* at 248.  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.* at 249.  "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party."  *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case.  *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)); *see also Anderson*, 477 U.S. at 252.

## DISCUSSION

In her Report, the Magistrate Judge outlined the relevant factual and procedural

background along with the applicable legal standards. (ECF No. 19 at 1-4.) Next, the Magistrate Judge considered Respondent's arguments that this matter should be dismissed because (1) Petitioner failed to exhaust his administrative remedies and (2) Petitioner has received appropriate credit for his custodial sentence. (*Id.* at 5.)

As to the exhaustion of remedies, the Magistrate Judge agreed with Respondent and explained that Petitioner's first two administrative remedy requests were submitted solely at the institutional level and were denied, but the record does not indicate that Petitioner ever appealed the denials. (*Id.* at 6.) The Magistrate Judge further explained that, with regard to Petitioner's third administrative remedy request, it was granted on February 6, 2024, and Petitioner did not further appeal this remedy request to the extent he was not satisfied with the relief he received. (*Id.* at 6-7.) The Magistrate Judge disagreed with Petitioner's assertion that he had the right to immediately pursue the matter in federal court because it took 95 days for him to receive a response to his third administrative remedy request, and she explained that although the delay may have permitted him to appeal to the next level, it did not permit him to immediately pursue the matter in federal court. (*Id.* at 7-8.) Lastly, the Magistrate Judge found that Petitioner failed to offer any explanation or evidence demonstrating cause to excuse his failure to exhaust his administrative remedies. (*Id.* at 8.) Accordingly, the Magistrate Judge recommended that the Court dismiss the petition.

In addition, as to Respondent's second argument, the Magistrate Judge also agreed and found that Petitioner received credit for all of the time he served in state custody, thereby rendering moot his sentence credit claims. (*Id.*) Moreover, to the extent Petitioner is seeking additional relief, the Magistrate Judge found that any such claim would fall

outside the scope of the instant petition.

In his objections, Petitioner asserts that the Magistrate Judge misconstrued his allegations and misunderstood the relief he requests. (ECF No. 26 at 1.) Specifically, Petitioner asserts that he was in the primary custody of the federal government on September 5, 2019, and he claims that "[i]t was an act of federalism when they ultimately claimed Petitioner had to serve his state sentence first and refused to retake his custody, causing his lawfully entered into plea agreement and sentence with his state to be come unforefillable [sic], violating his substantive due process rights, and his right to be free from unlawful[ ] seizure protected by the U.S. Constitution." (*Id.* at 2.) Petitioner further states: "What Petitioner claims led to the delay in the commencement of his imprisonment on his federal sentence for 2½ years, was the Federal Bureau of Prisons relinquished his jurisdiction and custody to Florida without any want[ ] or need." (*Id.* at 3.)

Next, Petitioner objects to the Magistrate Judge's factual summary and repeats his assertion that the federal government refused to retake custody of him until he served his state sentence. (*Id.* at 4-6.) Ultimately, however, Petitioner admits that he was awarded 1,350 pre-sentence credits for the time served in state custody after going through the administrative remedy process. (*Id.* at 6.)

Petitioner then objects to the Magistrate Judge's finding that Petitioner failed to exhaust his administrative remedies. He states:

> First, Petitioner is asking the Court to release him from his sentence which the Bureau of Prisons does not have the authority to do. Only a federal court can release Petitioner because of what he alleges. (1) There was a delay in asserting the government[']s right to enforce the sentence. (2) The delay and outright refusal to do so are not excusable. (3) The delay caused undue hardship, prejudice, and ambiguity, and the doctrine of "estoppel and laches" applies. It would be an exercise in futility for Petitioner to pursue

administrative remedies.

(*Id.* at 7.) With regard to his administrative remedies, Petitioner admits that he was awarded all the time he was due and that he requested, and he claims he did not appeal "because there simply was nothing to appeal." (*Id.* at 8.) In all, Petitioner contends that he should not be required to pursue any administrative remedy before having his § 2241 motion heard, and he asserts that he is not seeking additional credit on his sentence; rather, he contends that "the delay in executing his sentence constitutes a 'waiver' of jurisdiction over him," such that requiring him to now serve the sentence violates the Constitution. (*Id.* at 9-12.) Petitioner also claims that he has put forth evidence to show that the federal government refused to retake his custody when the state of Florida was through with him, and he asks the Court to deny Respondent's motion for summary judgment. (*Id.* at 13-14.)

After *de novo* review, the Court finds Petitioner's objections unavailing, and the Court finds that the evidence indicates that Petitioner was in the primary jurisdiction of the state of Florida until February 22, 2023, when his Florida sentence was suspended and before federal authorities took him into federal custody on February 27, 2023. (ECF No. 15-1.) As such, Petitioner's federal sentence commenced on February 27, 2023, and it appears to have been properly calculated. Furthermore, even assuming Petitioner was somehow improperly transferred between state and federal custody, the Court finds no violation of Petitioner' constitutional rights; nor does the Court find that the federal government waived or abandoned "jurisdiction and custody" over Petitioner.

Here, Petitioner was successful in his attempt to obtain the 1,350 days of pre-sentence credit he claimed he was due, and the Court finds no merit to his claims and no

basis to grant him immediate release as requested. Furthermore, to the extent Petitioner seeks some other relief not outlined in his petition, any such request would fall outside the scope of his instant petition, and he first would need to exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate Judge's Report (ECF No. 19); overrules Petitioner's objections (ECF No. 26); grants Respondent's motion for summary judgment (ECF No. 15); and finds moot Petitioner's motion to alter or amend (ECF No. 30).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 15, 2025
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

Here, the Court finds that Petitioner has not made the requisite showing of "the

7

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court denies a certificate of appealability.